IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RHASAAN HARCUM, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> WARDEN WEST, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No. 21-cv-445-LKG <br><br> Dated:  December 20, 2021 |

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

*Pro se* petitioner Rhasaan Harcum filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction in the Circuit Court for Baltimore County, Maryland for first-degree rape and related charges.  ECF No. 1.  On April 5, 2021, respondent filed an answer arguing that the petition is time-barred under 28 U.S.C. § 2244(d).  ECF No. 7.  Harcum responded.  ECF No. 9.

There is no need for an evidentiary hearing.  See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).  For the reasons that follow, the petition is **DISMISSED**, and a certificate of appealability shall not issue.

### II.  BACKGROUND

On January 15, 2010, Harcum was found guilty by a Baltimore County jury of first-degree rape, first-degree sex offense, kidnapping, robbery with dangerous weapon, first-degree assault, and the use of handgun in the commission of crime of violence.  *State of Maryland v. Rhasaan Harcum*, Case No. 03-K-09-002813 (Cir. Ct. for Balt. Cnty.); ECF No. 7-1 at 23-25.  Harcum filed a motion for a new trial, which was initially set for a hearing on May 24, 2010, but

was postponed to August 20, 2010, for consolidation with the disposition hearing. ECF No. 7-1 at 26-29.

During open court proceedings on August 20, 2010, Harcum withdrew his motion for a new trial, electing instead to accept the State's plea offer. *Id.* at 26. Pursuant to the agreement, Harcum tendered an Alford plea to the crime of first-degree rape, all other charges were *nol prossed*, and the circuit court sentenced Harcum to 40 years of incarceration, with all but 20 years suspended, and two years of supervised probation. *Id.* at 22-23.

On September 7, 2010, Harcum filed a motion for modification of sentence, which was denied on September 15, 2010. *Id.* at 22. Although Harcum was represented by private counsel at the time, he sent several letters to the Office of the Public Defender ("OPD") seeking assistance. See ECF No. 9 at 5-9. The OPD directed him to contact his private attorney. *Id.*

In November 2010, Harcum contacted his attorney and expressed confusion about his sentencing but did not ask counsel to file any motions. *Id.* at 7-9. Counsel contacted Harcum and his family to answer their questions, and indicated that they could reach out again should they have any further concerns. *Id.* at 8-9. Counsel did not file, nor was he asked to file, any motions on Harcum's behalf. *Id.*

By letter dated December 9, 2010, the OPD's Collateral Review Division notified Harcum that his correspondence requesting a review of his case for postconviction issues had been received. *Id.* at 10. The OPD informed Harcum that they could not provide this assistance except in certain limited situations and directed Harcum to complete a questionnaire. *Id.* The OPD also stated that if it elected not to review his case further, Harcum would be provided with information on how to file his own petition for postconviction relief. *Id.*

On December 27, 2010, Harcum filed a motion for drug and alcohol evaluation pursuant to Md. Code Ann. Health Gen. Art. § 8-505. ECF No. 7-1 at 21. That motion was denied on January 7, 2011. *Id.*

By letter dated March 30, 2011, the OPD notified Harcum that an attorney would be assigned to review his case to determine whether viable postconviction issues exist. ECF No. 9 at 11. It does not appear that review of Harcum's case was completed until several years later.

On March 7, 2013, Harcum filed another motion for modification or reconsideration, which was denied that same day.  ECF No. 7-1 at 20.  By letter dated January 25, 2014, the OPD informed Harcum that his case had been assigned to a different attorney.  ECF No. 9 at 12.  The OPD acknowledged that Harcum had "been waiting some time" for his case to be reviewed and added that if Harcum "decided to file [his] own petition, another attorney would be assigned to handle the case and the process would be much quicker." *Id.*

On February 11, 2014, Harcum filed a petition for postconviction relief.  ECF No. 7-1 at 20.  He withdrew the petition, without prejudice, on August 5, 2015, and then filed another through counsel on October 24, 2017.  *Id.* at 12, 15.  Following a hearing on May 2, 2019, the postconviction court denied the petition by memorandum opinion and order entered on May 17, 2019.  *Id.* at 7.

On June 11, 2019, Harcum filed an application for leave to appeal the denial of postconviction relief with the Court of Special Appeals of Maryland.  *Id.* at 11.  On October 25, 2019, the appellate court summarily denied the application.  *Harcum v. State*, No. 723, Sept. Term 2019 (Md. Ct. Spec. App. Oct. 25, 2019); ECF No. 7-1 at 174-75.

On February 10, 2021, Harcum filed his petition in this Court.  See ECF No. 1 at 12; *Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).  Harcum asserts four grounds for habeas relief.  ECF No. 1 at 5-17.  First, he claims that Baltimore County did not have jurisdiction over his criminal case.  *Id.* at 5.  Second, he argues that the plea deal was the product of coercion.  *Id.* at 7.  Third, Harcum claims that the warrant for his arrest was improperly obtained as it was a "fruit of the poisonous tree." *Id.* at 8.  Lastly, he notes that he made every attempt possible to withdraw the Alford plea.  *Id.* at 17.

### III.     ANALYSIS

The threshold issue in this case is the timeliness of the petition.  Only if the petition is timely may the Court reach the merits of Harcum's claims.

A one-year statute of limitations applies to habeas petitions in non-capital cases for persons convicted in state court.  See 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 550 (2011).  Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).

Here, Harcum's conviction became final for direct review purposes on September 20, 2010, when the time for filing an application for leave to appeal to the Court of Special Appeals of Maryland expired. *See* Md. Rule 8-204(b)(2)(A) ("the application shall be filed within 30 days after entry of the judgment or order from which the appeal is sought"). Harcum thus had one year from that date to file his federal habeas petition. Although the one-year federal limitations period was tolled on September 7, 2010, when Harcum filed a motion for modification of sentence in circuit court, the clock began to run again eight days later, on September 15, 2010, when the court denied his motion. Harcum, however, did not file his petition in this Court until more than ten years later. As such, his federal habeas petition is time-barred under 28 U.S.C. § 2244(d).

In response to the argument that his petition was untimely filed, Harcum asserts that the limitations period was tolled beginning on December 9, 2010, when the OPD's Collateral Review Division began reviewing his case for postconviction issues. ECF No. 9 at 2. Harcum also claims that due to the COVID-19 pandemic, he had no access to the prison law library. ECF No. 1 at 11.

To the extent Harcum asserts that he is entitled to equitable tolling, he has not shown either that there was wrongful conduct by respondent that prevented him from filing on time, or that there were "extraordinary circumstances" beyond his control that prevented timely filing of a petition. *Harris*, 209 F.3d at 330; *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Although it is clear Harcum awaited the OPD's review for several years, he does not explain why he was unable to file a petition for postconviction relief within the one-year limitations period himself or with the aid of trial counsel. Indeed, trial counsel directed Harcum and his family to reach out should they have any further concerns and, ultimately, Harcum filed his initial petition for postconviction relief *pro se*.

The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, Harcum's self-represented status does not excuse him from the requirements of § 2244(d). Likewise, COVID-19 could not have prevented Harcum from timely filing his petition as the pandemic began approximately eight years after the one-year limitation period expired. As Harcum has not stated a basis for equitable tolling, the petition shall be dismissed.

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Harcum fails to satisfy this standard, the Court declines to issue a certificate of

appealability.  Harcum may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

**IV.     CONCLUSION**

In light of the foregoing, it is this 20th day of December, 2021, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED**.
2. Petitioner's motion to appoint counsel is **DENIED-AS-MOOT**.
3. The Court declines to issue a Certificate of Appealability.
4. The Clerk shall **CLOSE** this case.
5. The Clerk shall send a copy of this Memorandum Opinion and Order to petitioner and to counsel for respondent.

**IT IS SO ORDERED.**

                                                        s/ Lydia Kay Griggsby
                                                        LYDIA KAY GRIGGSBY
                                                        United States District Judge